(48 Misc. Rep. 657)

## ST. PAUL HOTEL CO. v. SEGRAVE.

(Supreme Court, Appellate Term. November 24, 1905.)

RECEIVERS—AUTHORITY TO COLLECT AND RETAIN MONEY—SUFFICIENCY OF EVIDENCE.

Where the receiver of a hotel building was directed to collect from the tenants in possession or other persons liable therefor all rents due, and it did not appear that plaintiff company, the then tenant, and which had been conducting a hotel business in the building, was at the time it surrendered possession indebted for rent, the receiver was liable for money collected by him which was due plaintiff from former guests.

Appeal from Trial Term, New York County.

Action by the St. Paul Hotel Company against James Segrave. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Fettretch, Silkman & Seybel (Joseph Fettretch, of counsel), for appellant.

Albert I. Sire, for respondent.

MacLEAN, J. That the defendant expressly agreed to collect outstanding accounts of the plaintiff, when, as receiver, he took possession of certain mortgaged premises in the foreclosure action of Derby v. Brandt (Sup.) 90 N. Y. Supp. 980, is disputed, with evidence sufficient, if credited, to support a finding to that effect; but such a finding is not essential, in view of the fact that it is undisputed that he collected a sum certain of such accounts, and was entitled to certain deductions therefrom. He thus became liable to the plaintiff for the latter's moneys collected (Schanz v. Martin, 37 Misc. Rep. 492, 75 N. Y. Supp. 997), not as receiver, for although by the order of his appointment he was "directed to demand, collect, and receive from the tenant or tenants in possession of said premises, or other persons liable therefor, all the rents therefor now due and unpaid, or hereafter to become due," it does not appear that the plaintiff was indebted for rent when the defendant, as receiver, took possession, and the moneys collected from the lodgers of the plaintiff were due and owing prior to that time. Nor does it appear that it later became indebted, for it is undisputed that it surrendered possession pursuant to a further order in Derby v. Brandt, supra, fixing occupation rental, or that it received notice from the defendant of his appointment prior to his demand for possession, and thereby became liable for rent in the interim under the terms of this order. In view of the record herein, it may not be said that the defendant, by virtue of his office or of the directions in said orders contained, was authorized to collect said accounts, much less to retain them when collected.

Judgment and order affirmed, with costs. All concur.